IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ERIC KARL MCCOY,**
    **Plaintiff,**

**vs.**                                     **Case No. 5:09cv238/SPM/MD**

**JOHN FORTURE, et al.,**
    **Defendants.**

___

**O R D E R**

This cause is before the court upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983, (doc. 1), and a motion for leave to proceed *in forma pauperis* (doc. 2). Good cause having been shown, plaintiff's motion to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is apparent that it is not in proper form. It is further evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named defendants. The court will therefore provide plaintiff an opportunity to correct the deficiencies and clarify his allegations in an amended complaint.

Plaintiff, an inmate of the Florida penal system confined at Florida State Prison, is suing a number of officials in the Panama City Police Department and the Bay County Sheriff's Department, claiming that on November 1, 2006, he was arrested "on an unlawful arrest warrant by Investigator Manuel Gonzales . . . on a manufacture[d] charge of sell[ing] cocaine within 1000 feet of a [place of] worship." (Doc. 1, p. 8). Plaintiff further asserts that just prior to his arrest, he had been subject to an "unlawful search warrant." Plaintiff attacks the validity of the warrants on various procedural grounds, for example, that they did not contain an official seal, were not notarized, and were not filed in the clerk of court's

office prior to their execution. Plaintiff also complains that there was a "discrepancy" in the signature of the judge on the arrest warrant, that the warrant "was remanufacture[d] from a prior warrant that were [sic] issue[d] for someone else," and that the police routinely re-use the same warrant form, merely striking the old information and inserting the new "to arrest only black males." (*Id*., p. 9). Claiming negligence and violation of his right to due process, plaintiff seeks damages, "exonerate conviction obtain[ed] from illegal arrest warrants and search warrant," an internal investigation, and revocation of the defendants' law enforcement certification. (*Id*., p. 10).

As an initial matter, plaintiff must clarify the defendants in this action. In the style of the case on the first page of the complaint form plaintiff names five defendants: John Forture, Nick Vanstrander, Edward Capiak, Manuel Gonzales, and E. Laneford. However, in the "Defendants" section of the complaint form on page two, plaintiff identifies an additional defendant, Sheriff Frank McKeithen. Plaintiff is advised that the defendants listed in the style of the case must conform to those listed in the "Defendants" section of the complaint form.

Second, to the extent plaintiff challenges his conviction and seeks immediate or speedier release, he is advised that such relief is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. Regardless of the label plaintiff may place on this action, in order to challenge the validity of his conviction on the grounds that his constitutional rights have been violated, he must pursue his claims through habeas corpus.

As to the substance of plaintiff's claims, in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In the instant case, plaintiff appears to hold several of the defendants liable due to their "official position[s]" within the Panama City Police Department and Bay County Sheriff's Office. Plaintiff is advised that r*espondeat superior*, without more, does not provide a basis for recovery under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). In other words, a supervisor is not liable simply because he is the superior of another defendant. A supervisor may be liable only if he personally participated in the alleged constitutional deprivation or if there is some causal connection between his actions and the allegedly unconstitutional conduct. *Cottone, supra*; *Swint v. City of Wadley, Alabama*, 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). To establish a causal connection the plaintiff must sufficiently allege the existence of either (1) a "custom or policy [that] result[ed] in deliberate indifference to constitutional rights or . . . facts [that] support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and h[is] fail[ure] to do so." *Cottone*, 326 F.3d at 1360 (internal quotation marks and citations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263,

1269 (11th Cir. 1999) (internal quotation marks and citation omitted). Moreover, a supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994).

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff decides not to proceed with this action, he should file with the court a notice of voluntary dismissal. If plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless

and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent that the case may proceed without the prepayment of the entire filing fee.

2. The clerk of court shall assess plaintiff **$0.00** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). The total filing fee in this case is $350.00.

3. As funds become available in plaintiff's prison account, he shall be required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into the account) for each case he has filed in this court.[1] The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10.00 until the filing fee of $350.00 is paid. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." Personal checks directly from prisoners will not be accepted. The following information shall either be included on the face of the check or money order or attached thereto:

    (1) the full name of the prisoner;
    (2) the prisoner's inmate number; and
    (3) Northern District of Florida Case Number (*i.e.*, 5:09cv238/SPM/MD).

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall MAIL a copy of this order, with the appropriate cover letter, to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk.

5. Plaintiff is warned that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf.

---

[1] Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 5:09cv238/SPM/MD*

If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment. Furthermore, if plaintiff is transferred to another correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this order for this purpose. Finally, plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

      6. The clerk of court is further directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

      7. The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court form as instructed above. Failure to submit an amended complaint as instructed will result in a recommendation that this case be dismissed.

      DONE AND ORDERED this 10th day of September, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**