## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ERIC KARL MCCOY,**
  **Plaintiff,**

**vs.**         **Case No.: 5:09cv238/SPM/MD**

**JOHN FORTURE, et al.,**
  **Defendants.**
_____

## REPORT AND RECOMMENDATION

  This cause is before the court upon plaintiff's *pro se* amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 9). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.


## BACKGROUND AND PROCEDURAL HISTORY

  Plaintiff was an inmate of the Florida penal system confined at Florida State Prison at the time he initiated this action. (Doc. 1, p. 2 in ECF). He has since been released. (Doc. 7). His amended complaint names six defendants: Sergeant John Forture, Investigator Nick Vanstrander, Investigator Edward Capiak, and Investigator Manuel Gonzalez, all of whom are members of the Panama City Police Department, as well as Deputy Sheriff E. Laneford and Sheriff Frank McKeithen, who are members of the Bay County Sheriff's Office. (*Id*., pp. 2-3 in ECF). Plaintiff's complaint asserts due process and equal protection claims, as well as a claim of negligence, arising from defendants' obtaining and executing arrest and search warrants against plaintiff on November 1, 2006. Specifically, plaintiff attacks the

validity of the warrants on various grounds, for example, that they did not contain an official seal, were not notarized, and were not filed in the clerk of court's office prior to their execution. Plaintiff also complains that there was a "discrepancy" in the signature of the judge on the arrest warrant, that the warrant "was remanufacture[d] from a prior warrant that were [sic] issue[d] for someone else," and that the police routinely re-use the same warrant form, merely striking the old information and inserting the new "to arrest only black males." (*Id.*, p. 6 in ECF; *see also id.,* pp. 7-10 in ECF). As relief, plaintiff seeks $450,000, as well as injunctive relief, namely: "An internal investigation should be sent to State Criminal Justice Standard[s] and Training Commission, and Officers' law enforcement certification should be revoke [sic] for these violation [sic]." (*Id.*, p. 12 in ECF).

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be

dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

In the instant case, plaintiff requests damages in the amount of $450,000 for the deprivation of his constitutional rights arising from the alleged unlawful arrest and search.  The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).  This § 1983 action brought by plaintiff is a "Federal civil action" under this definition.  Further, it is undisputed that plaintiff filed his original complaint while imprisoned, and that the harm complained of occurred while he was in custody, *i.e.*, upon his arrest.  *See Napier*, 314 F.3d at 533 (holding that § 1997e(e) applies to prisoner lawsuits claiming injuries suffered during an arrest, because that is a custodial episode).  In *Napier*, a prisoner claimed that he suffered injury from his mistaken arrest by law enforcement officers.  The Eleventh Circuit held that "[t]he embarrassment or emotional harm occasioned by the mistaken arrest occurred, at the earliest, when Napier was arrested – or, using the *Miranda* construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim."  *Id.* at 533.

Plaintiff's due process and equal protection claims are based solely on violations of the constitutional rights themselves and allege no physical injury caused by defendants' conduct.  *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.

1999) (holding that "in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). Plaintiff's amended complaint cannot be liberally construed to request nominal damages.[1] Therefore, his claims should be dismissed without prejudice. *See Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

As to plaintiff's claims for injunctive relief, although §1997e(e) does not materially thwart actions for injunctive relief, *Harris*, 190 F.3d at 1288, this court is without jurisdiction to award the particular relief plaintiff seeks. Plaintiff requests an order requiring Florida's Criminal Justice Standards and Training Commission ("CJSTC") to investigate his complaints and revoke each defendant's certification as a law enforcement officer. (*Id*., p. 11 in ECF).[2] However, the CJSTC is not a party to this lawsuit. This court does not have jurisdiction to grant injunctive relief against a non-party. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that court lacks subject matter jurisdiction to

---

[1] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id*., at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $450,000 in compensatory and/or punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

[2] The Criminal Justice Standards and Training Commission is a regulatory commission coordinated by the Florida Department of Law Enforcement ("FDLE"). *See* www.fdle.state.fl.us/cjst/cjap. Its primary responsibilities include establishing uniform minimum standards for employment and training of law enforcement and correctional officers; establishing and maintaining officer training programs; certifying officers, reviewing and administering appropriate administrative sanctions in instances when an officer is found in violation of Florida Statutes or the Florida Constitution; and other tasks. *Id*.

issue injunction against non-party); *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (5th Cir. 1996) (holding that district court was not authorized to grant injunctive relief against non-parties).

Finally, to the extent plaintiff's amended complaint can be liberally construed as asserting one or more claims arising under state law (*e.g.*, negligence), the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over plaintiff's state law claim.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's federal claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  That any state law claims be DISMISSED WITHOUT PREJUDICE.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of  March, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).